O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

RONNIE R. LARES,                         ) Case No. CV 12-0627-JPR
                                         )
                    Plaintiff,           ) MEMORANDUM OPINION AND ORDER
                                         ) AFFIRMING THE COMMISSIONER
          vs.                            )
                                         )
MICHAEL J. ASTRUE,                       )
Commissioner of                          )
Social Security                          )
                                         )
                    Defendant.           )
_____  )

## I.   PROCEEDINGS

Plaintiff seeks review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The matter is before the Court on the parties' pleadings: Plaintiff filed his opening brief on April 24, 2012, and Defendant filed his answering brief on May 24, 2012.  On June 11, 2012, the Court struck Plaintiff's Reply because his request to file it late did not comply with the Local Rules.  The Court has taken the matter under submission without oral argument.  For the reasons stated below, the Commissioner's decision is affirmed and this action is dismissed.

1

1  **II.   BACKGROUND**

2       Plaintiff was born on January 8, 1971, and has a high school

3  education.  (Administrative Record ("AR") 172, 602.)  On January

4  3, 2007, he applied for DIB (AR 172) and SSI (AR 175).  After the

5  claim was initially denied, Plaintiff sought review by an

6  Administrative Law Judge ("ALJ").  (AR 103.)  The ALJ held a

7  hearing on October 31, 2008, at which Plaintiff testified.  (AR

8  37-54.)  On January 12, 2009, the ALJ issued a written ruling

9  denying benefits.  (AR 82.)  On May 14, 2009, the Appeals Council

10 remanded the matter to the ALJ to reconsider various parts of his

11 decision that are not at issue here.  (AR 94.)  The ALJ held

12 another hearing on January 7, 2010, at which Plaintiff again

13 testified.  (AR 55-77.)  The ALJ denied benefits in a written

14 ruling issued February 22, 2010.  (AR 18.)  The Appeals Council

15 denied review on April 21, 2011.  (AR 3.)  This appeal followed.

16 **III. STANDARD OF REVIEW**

17      Pursuant to 42 U.S.C. § 405(g), a district court may review

18 the Commissioner's decision to deny benefits.  The Commissioner's

19 findings and decision should be upheld if they are free of legal

20 error and are supported by substantial evidence based on the

21 record as a whole.  § 405(g); Richardson v. Perales, 402 U.S.

22 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Parra v.

23 Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial evidence

24 means such evidence as a reasonable person might accept as

25 adequate to support a conclusion.  Richardson, 402 U.S. at 401;

26 Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  It

27 is more than a scintilla but less than a preponderance.

28 Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec.

1  Admin., 466 F.3d 880, 882 (9th Cir. 2006)).   To determine whether
2  substantial evidence supports a finding, the reviewing court
3  "must review the administrative record as a whole, weighing both
4  the evidence that supports and the evidence that detracts from
5  the Commissioner's conclusion."  Reddick v. Chater, 157 F.3d 715,
6  720 (9th Cir. 1998).   "If the evidence can reasonably support
7  either affirming or reversing," the reviewing court "may not
8  substitute its judgment" for that of the Commissioner.  Id. at
9  720-21.

10 **IV.   THE EVALUATION OF DISABILITY**

11      People are "disabled" for purposes of receiving Social
12 Security benefits if they are unable to engage in any substantial
13 gainful activity owing to a severe physical or mental impairment
14 that is expected to result in death or which has lasted, or is
15 expected to last, for a continuous period of at least 12 months.
16 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257
17 (9th Cir. 1992).

18      **A.   The Five-Step Evaluation Process**

19      The Commissioner (or ALJ) follows a five-step sequential
20 evaluation process in assessing whether a claimant is disabled.
21 20 C.F.R. § 404.1520(a)(4); § 416.920(a)(4); Lester v. Chater, 81
22 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996).   In
23 the first step, the Commissioner must determine whether the
24 claimant is currently engaged in substantial gainful activity; if
25 so, the claimant is not disabled and the claim must be denied.
26 § 404.1520(a)(4)(i); § 416.920(a)(4)(i).   If the claimant is not
27 engaged in substantial gainful activity, the second step requires
28 the Commissioner to determine whether the claimant has a "severe"

impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim must be denied. § 404.1520(a)(4)(ii); § 416.920(a)(4)(ii). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. § 404.1520(a)(4)(iii); § 416.920(a)(4)(iii). If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient RFC to perform his past work; if so, the claimant is not disabled and the claim is denied. § 404.1520(a)(4)(iv); § 416.920(a)(4)(iv). The claimant has the burden of proving that he is unable to perform past relevant work. <u>Drouin</u>, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. <u>Id.</u> If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. § 404.1520(a)(4)(v); § 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. § 404.1520; § 416.920; <u>Lester</u>, 81 F.3d at 828 n.5; <u>Drouin</u>, 966 F.2d at 1257.

**B.   The ALJ's Application of the Five-Step Process**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 23, 2005, the onset date of the alleged disability.  (AR 23.)  The ALJ concluded that Plaintiff had the severe impairments of degenerative disc and joint disease involving the lumbar spine as well as carpal tunnel syndrome. (Id.)  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.  (AR 26.)  The ALJ found that Plaintiff's residual functional capacity ("RFC")[1] enabled him to perform "light work" as follows:

> lift 20 pounds occasionally and 10 pounds frequently; he can occasionally climb ramps or stairs; he cannot climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch or crawl; and he can do no repetitive forceful grasping with his right hand.

(Id.)  At step five, the ALJ found that Plaintiff was not able to perform his past relevant work but that jobs existed in significant numbers in the national economy that Plaintiff could perform.  (AR 30.)  Accordingly, the ALJ determined that Plaintiff was not disabled.  (AR 31-32.)

Plaintiff does not directly challenge any of these findings. Rather, Plaintiff contends that the ALJ improperly discounted his subjective pain symptoms.  At the 2008 hearing, Plaintiff

---

[1]   RFC is what a claimant can do despite existing exertional and nonexertional limitations.  § 404.1545(a); § 416.945(a); see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

testified that he used a walker about four days a week because he gets "real severe spasms in my back and my buttocks get numb and my right leg, all down to my knee." (AR 42; see also AR 194 (pain questionnaire noting pain in right leg).) He testified that he had "major chronic pain" that made it hard for him to concentrate. (Id.) He said that lying down helped his pain symptoms "a bit" and that his medications "help me get to through [sic] the day a lot but still – the pain's still there." (AR 46.) Plaintiff testified that during a typical day he "walk[ed] a little bit," did "pool therapy," and "t[ook] it easy pretty much." (Id.) He acknowledged that he occasionally drove a car. (AR 49.) In his April 2007 application for Social Security benefits, Plaintiff stated that he went to the grocery store, mall, and church about once a month. (AR 201.) He said he walked outside twice a day. (AR 206.) His mother noted that he went outside for approximately four hours a day and went to church weekly. (AR 209.)[2]

In 2010, Plaintiff testified that he had "constant pain in my back and my legs." (AR 59.) During this hearing, Plaintiff testified that most of the pain since his surgery in December 2006 was in his left leg, not his right, as he had testified at the 2008 hearing.[3] Plaintiff stated that his new medications

---

[2] The pages of Plaintiff's and his mother's questionnaires appear to have been mixed together. (See AR 194-213.) The handwriting on the two is quite different, however, and thus it is relatively easy to determine who has answered which questions.

[3] This inconsistency in Plaintiff's testimony was not relied upon by the ALJ in finding him partially not credible, and therefore the Court does not rely on it either. See Connett v.

were helping "with the pain a lot," better than the medications
he had been taking at the time of the 2008 hearing.  (AR 62.)
Plaintiff said that he didn't do much during the day, taking a
series of naps throughout it.  (<u>Id.</u>)  He testified that he laid
down whenever the pain got "really, really intense."  (AR 63.)
He said that about once or twice a week he had to lie down for
the whole day.  (AR 64.)  He later revised his statement to say
that that happened once or twice every two weeks.  (AR 70.)  He
initially said that he didn't help with any chores around the
house, but he acknowledged that he helped carry in groceries from
the car, two bags at a time.  (AR 66.)  He again acknowledged
that he occasionally drove a car, for as much as 15 miles at a
time.  (AR 69.)

In his 2010 decision, the ALJ found as follows concerning
Plaintiff's credibility:

> As indicated in the prior decision:
>
> *The claimant alleges he is unable to work in*
> *any capacity because of his back pain.  He*
> *testified he has daily back pain and spasms*
> *all day long as well as weakness in his knees*
> *(hearing testimony).  He reports chronic pain*
> *causes him to have difficulty standing for*

---

<u>Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003).  For the same
reason, the Court does not consider Plaintiff's inconsistent
statements in the record concerning his weight.  (<u>Compare, e.g.</u>,
AR 368 (on April 2, 2008, claiming 68-pound weight loss since
spinal surgery caused by loss of appetite from pain and weighing
180 pounds), <u>with</u> AR 309 (in October 2007, denying any weight
loss), <u>and</u> AR 263 (showing weight of 199 pounds six months before
surgery), <u>and</u> AR 309 (185 pounds on May 23, 2008), <u>and</u> AR 579
(197 pounds in March 2009.)

> *long and he is limited to about fifteen*
> *minutes at a time and can only sit for about*
> *twenty minutes at a time. The claimant*
> *testified he uses a walker his mother*
> *purchased for him three to four days a week*
> *because of numbness and weakness in his legs.*
> *He indicates he lays down several times a day*
> *for a total of three hours a day because of*
> *pain and weakness. The claimant reports he*
> *gets some relief from the medication, but he*
> *still experiences pain. (Id.)*

The claimant's allegation of being unable to work due to back pain is unchanged. The claimant does not indicate any other reason as to why he is unable to work. At the current hearing, the claimant testified that his low back pain is constant and radiates into his legs. As a result of the pain, he has bad days and horrible days (the claimant did not describe any good days). The claimant still alleges he lies down during the day because of the pain and weakness. But, it appears that some of his symptoms have improved. For example, the claimant now testifies that he is able to sit for up to 45 minutes at a time and can stand for up to a couple of hours at a time.

As stated in the prior decision, the claimant's admitted activities of daily living are not consistent with his allegation of complete inability to work:

> *The claimant is able to care for his*

8

> *personal needs, dust and do laundry with*
> *assistance. He is able to shop, drive a car*
> *and pay his bills and manage his finances. In*
> *addition, he watches television, reads, walks,*
> *attends church weekly and socializes with his*
> *family and friends on a daily basis. The*
> *claimant also reports he works on cars and he*
> *puts together model cars on a daily basis.*

At the current hearing, the claimant also testified that he swims for exercise. Again, the claimant's ability to perform these myriad activities undermines the credibility of his allegations concerning limitations.

There is also evidence that the claimant's subjective complaints are not reliable. For example, as discussed above, the claimant testified that he currently has debilitating severe and intense back pain. Yet, according to recent medical records, the claimant's pain is described as a "continuous ache" that is "improved with medication"; and his back pain is controlled with medication. This evidence implies that the claimant's symptoms, without medications, are not as severe as the claimant alleges;[fn] and that the symptoms are effectively alleviated by medications. The information contained in the medical evidence of record, regarding the claimant's pain levels, indicates the claimant's statements concerning his subjective complaints are not credible.

[fn] The undersigned considers there to be a

9

significant difference between an "ache" and "intense pain."

In the last decision, the undersigned wrote:

> *[This] Administrative Law Judge has considered the claimant's impairments and is not persuaded by the claimant's statements concerning his impairments and their impact on the ability to work.  The undersigned finds the degree of limitations to be not supported by the objective medical evidence of record. For these reaons the undersigned Administrative Law Judge finds the claimant not fully credible and his subjective symptoms are given limited weight.*

After carefully reviewing the new evidence submitted and hearing the claimant testify again, the undersigned finds no basis to change the prior opinion as to the claimant's credibilty.  In fact, the new medical evidence further establishes that, while the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(AR 26-28 (citations omitted).)

The ALJ explained why he found Plaintiff's subjective pain symptoms to be inconsistent with the medical evidence of record:

> In its prior decision, the undersigned addressed the medical evidence pertaining to the claimant's low back pain. . . . The findings on the physical examination did not support the level of limitations alleged by the claimant.
>
> The newly received medical evidence shows improvement of the claimant's back pain.

(AR 28.)

The ALJ noted that on September 14, 2008, Plaintiff had a "relatively normal examination" even though "[h]e reported that his medications were not working":

> He had normal range of motion; he had no tenderness and he was neurologically intact.  This evidence indicates the claimant's subjective pain complaints are not always corroborated by the findings on physical examination.  In addition, in January 2009, the claimant's medications were working.  As already discussed, the claimant's pain is well-controlled with medications.  The medical evidence of record mentions no significantly adverse side effects caused by the medications.

(Id. (citations omitted).)

The ALJ noted that Dr. Bunsri Sophon, the consultative orthopedist, examined Plaintiff on October 1, 2009, and found little remarkable about the physical examination of his lower extremities.  (AR 29.)  "Once again," the ALJ noted, "the claimant's allegations of debilitating back pain are not consistent with the findings on physical examination."  (Id.)  Indeed, the ALJ noted, no treating physician had delineated any

11

1 limitations associated with Plaintiff's impairments.  (Id.)
2 Accordingly, the ALJ found that

3       [g]iven the discrepancies between the claimant's alleged
4       subjective symptoms and the complaints recorded in the
5       medical evidence, along with the medical evidence showing
6       the pain is well controlled by medications, the alleged
7       subjective complaints carry less weight than the findings
8       on physical examination when assessing the claimant's
9       residual functional capacity.

10 (AR 29.)

11      Ultimately, the ALJ "exercise[d] caution" and discounted the
12 medical evidence in the record that showed Plaintiff was capable
13 of more than light work.  (Id.)  He expressly stated that he did
14 not reject Plaintiff's subjective pain symptoms altogether.
15 (Id.)  He found that "it is reasonable that the claimant would
16 have some pain; and that that pain would be aggravated by some
17 activity."  (Id.)  He took those limitations into account when
18 determining Plaintiff's RFC.  (Id.)  Finally, the ALJ stated that
19 even

20       if the claimant's self-described limitations were deemed
21       credible and were assessed as the claimant's residual
22       functional capacity, based on the testimony of the
23       vocational expert, the undersigned concludes that,
24       considering the claimant's age, education, work
25       experience, and self-assessed residual functional
26       capacity, the claimant would still be capable of making
27       a successful adjustment to other work that exists in
28       significant numbers in the national economy.  A finding

12

1  of "not disabled" would also therefore be appropriate.

2  (AR 31.)[4]

3  **V.   DISCUSSION**

4  Plaintiff contends that the ALJ improperly discounted his

5  credibility and therefore unreasonably rejected his testimony

6  concerning his pain symptoms.  The ALJ gave specific reasons to

7  support his finding that Plaintiff's "statements concerning the

8  intensity, persistence and limiting effects of [his] symptoms are

9  not credible to the extent they are inconsistent with" the RFC

10 determination.  (AR 28.)  Reversal is not warranted based on the

11 ALJ's alleged failure to make proper credibility findings or

12 properly consider Plaintiff's subjective symptoms.

13 Although the medical evidence established that Plaintiff had

14 medically determinable physical impairments that were likely to

15 cause him some pain, the existence of some pain does not

16 constitute a disability if it does not prevent a plaintiff from

17 working.  See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)

18 (SSI program "intended to provide benefits to people who are

19 unable to work; awarding benefits in cases of nondisabling pain

20 would expand the class of recipients far beyond that contemplated

21 by the statute."); Thorn v. Schweiker, 694 F.2d 170, 171 (8th

22 Cir. 1982) ("A showing that [claimant] had a back ailment alone

23 would not support a finding that she was disabled unless the

24 limitations imposed by the back ailment prevented her from

25

26 [4]   This last finding does not appear to be accurate,
   however, as the vocational expert testified at the 2010 hearing
27 that Plaintiff could not perform any job if his self-described
   limitations were true.  (AR 75.)  Accordingly, the Court does not
28 rely on it.

13

1   engaging in substantial gainful activity.").

2       An ALJ's assessment of pain severity and claimant
3   credibility is entitled to "great weight."  See Weetman v.
4   Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779
5   F.2d 528, 531 (9th Cir. 1986).  When the ALJ finds a claimant's
6   subjective complaints not credible, the ALJ must make specific
7   findings that support the conclusion.  See Bunnell v. Sullivan,
8   947 F.2d 341, 345 (9th Cir. 1991) (en banc); Varney v. Sec'y of
9   Health & Human Servs., 846 F.2d 581, 584 (9th Cir. 1988).  Absent
10  affirmative evidence of malingering, the ALJ must give "clear and
11  convincing" reasons for rejecting the claimant's testimony.
12  Lester, 81 F.3d at 834.  If the ALJ's credibility finding is
13  supported by substantial evidence in the record, the reviewing
14  court "may not engage in second-guessing."  Thomas v. Barnhart,
15  278 F.3d 947, 959 (9th Cir. 2002).

16      Here, the ALJ found that Plaintiff's alleged limitations
17  were not fully corroborated by the medical evidence.  (AR 28-29.)
18  As the ALJ observed, no treating doctor delineated any functional
19  limitations arising from Plaintiff's back and leg pain.  (AR 29.)
20  The ALJ noted that Plaintiff had had spinal surgery and suffered
21  from degenerative disc disease of the lumbar spine, but he
22  nevertheless had "relatively normal" physical examinations.  (AR
23  28.)  Specifically, Plaintiff demonstrated "normal range of
24  motion . . . no tenderness . . . and he was neurologically
25  intact."  (AR 28.)  Plaintiff stated that he occasionally used a
26  walker for ambulation, but as the ALJ noted and Plaintiff
27  acknowledged, one had never been prescribed by a doctor.  (AR 28;
28  AR 42.)  See Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir.

14

1   1999) (inconsistency between claimant's claim that he needed a
2   cane to walk and fact that one had never been prescribed valid
3   reason to discount testimony).  Moreover, he demonstrated a
4   normal gait without using the walker, could walk on his toes, and
5   performed a "50% percent squatting maneuver."  (AR 586.)  Indeed,
6   a few months after his surgery, a doctor noted that he was
7   "walking quite well."  (AR 276.)  A few months later still, he
8   was "walking well."  (AR 309.)  In October 2007, his gait and
9   "heel and toe walking" were "stable."  (AR 360.)  His straight
10  leg-raising test was negative.  (Id.)

11       A month later, in November 2007, Plaintiff "rushed at" a
12  doctor when he was denied additional pain medications and said he
13  was going downstairs to "talk to 'someone in charge.'"  (AR 363.)
14  The doctor noted that "[h]e walked with no problem and appeared
15  to have full ROM."  (Id.)  In January and April 2008, his gait
16  was normal and he had normal range of motion.  (AR 365, 375.)  In
17  September 2008, Plaintiff showed normal range of motion and was
18  "pacing all over the room."  (AR 395.)  In October 2008, heel and
19  toe walking were "stable," although his gait was antalgic.  (AR
20  427.)  A year later, he had normal gait, "no difficulty walking
21  on his heels," and could perform a 50 percent squatting maneuver.
22  (AR 586.)[5]

23       The ALJ also properly noted that Plaintiff's allegations of
24  debilitating pain were not consistent with the medical evidence
25  showing that his pain was controlled with medication.  (AR 27.)

26

27  _____
           [5]    The Field Office Disability Report, conducted July 9,
28  2007, noted that Plaintiff had no trouble sitting, standing, or
    walking.  (AR 215.)

                                    15

See <u>Warre v. Comm'r of Soc. Sec. Admin.</u>, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Plaintiff's statements to his doctors indicated that his symptoms were effectively alleviated by his medications. (AR 480, 511, 575.) In January 2009, when Plaintiff was apparently being treated for a drug overdose, he told doctors that his back pain had been controlled with medications but he had just recently started having pain again. (AR 480.) Later that same month, he told doctors that his back pain was about a 5 on a scale of 10 and was "controlled on present medications." (AR 511.) In May 2009, he told a doctor that his medications "improved his symptoms moderately." (AR 575.)

The ALJ was entitled to rely on a lack of corroborating medical evidence when assessing Plaintiff's credibility. <u>Burch v. Barnhart</u>, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); <u>see also</u> <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

The ALJ provided other clear and convincing reasons for finding Plaintiff partially not credible. For instance, the ALJ observed that Plaintiff had made inconsistent statements concerning his symptoms and their effect on him, calling into question their and his reliability. (AR 27.) <u>See</u> <u>Burch</u>, 400

16

F.3d at 680 (ALJ permitted to rely on "ordinary techniques of credibility evaluation," including inconsistencies in claimant's testimony).  The ALJ noted that Plaintiff's statements to his doctors concerning his pain were not as dire as those he made to the ALJ.  (AR 27.)  Indeed, Plaintiff testified that he had severe and intense back pain, and yet he told his doctors that his pain was only an "ache" that "improved with medication."  (AR 27; AR 511.)  In the questionnaires, Plaintiff and his mother stated that he could not drive (AR 200, 209), and yet he testified at both hearings that he drives and in fact drove to the hearings, even though for at least one of them his mother was in the car and presumably could have driven (AR 49, 69).  The ALJ specifically noted this inconsistency.  (AR 28.)  The ALJ also properly noted that Plaintiff's daily activities, including driving, occasional shopping, going out each day for four hours, paying bills, managing finances, swimming, and going to church weekly were inconsistent with how debilitating Plaintiff claimed his pain to be.  (AR 27; AR 49, 69, 200-01, 206, 209, 590.)  See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

Plaintiff claims that the ALJ's "stated reason for rejecting Mr. Lares' subjective limitations was that 'he works on cars and puts together model cars on a daily basis.'"  (Joint Stip. at 6 (quoting AR 27).)  He repeats that it was the ALJ's "primary" reason for finding Plaintiff not credible.  (Joint Stip. at 6-7.)  In fact, the ALJ mentioned this only in passing, as part of a list of daily activities in which Plaintiff engaged that were inconsistent with his alleged pain symptoms.  (AR 27.)  The ALJ appears to have erroneously relied on this activity, because

17

Plaintiff stated elsewhere that he can no longer engage in model-car building because of his pain (AR 201), and nothing else in the record contradicts that statement.  Nonetheless, because that activity played but a very small role in the ALJ's reasoning and he provided numerous other reasons for partially discrediting Plaintiff, the ALJ's ruling must be upheld.  See Carmickle, 533 F.3d at 1161.[6]

Thus, the ALJ's credibility findings were supported by substantial evidence and were free of legal error.  Plaintiff is not entitled to remand on this ground.

**VI.   CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[7] IT IS ORDERED that judgment be entered AFFIRMING the Commissioner's decision and dismissing this action with prejudice.  IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on both parties' counsel.

DATED: June 29, 2012

# JEAN ROSENBLUTH

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[6]    Plaintiff also complains that the ALJ was "just plain wrong" when he noted that Plaintiff had never been prescribed use of a walker.  (Joint Stip. at 7.)  But the ALJ's statement was correct; the part of the record Plaintiff points to to dispute the ALJ's finding simply states that on a particular day in April 2007 a physical therapist noted that he was using a walker.  (AR 345.)

[7]    This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

18